1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL A. BERRY,                    No.  2:14-cv-0589 GGH P

12              Petitioner,

13        v.                              ORDER[1]

14   PEOPLE OF THE STATE OF
     CALIFORNIA,
15
16              Respondent.

17        Petitioner is a state prisoner proceeding in pro se with a petition for writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254.  Petitioner has not filed an application to proceed in forma pauperis

19   or paid the required filing fee.[2]

20   DISCUSSION

21        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

22   petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

23   petitioner is not entitled to relief in the district court...." Rule 4, Rules Governing Section 2254

24   Cases.  See also O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990); Gutierrez v. Griggs, 695

25   F.2d 1195, 1198 (9th Cir.1983).  The Advisory Committee Notes to Rule 8 indicate that the court

26   may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary

27
     _____
28   [1]  Petitioner has consented to have the undersigned preside pursuant to 28 U.S.C. 636(c).
     [2]  Petitioner filed only a trust fund account statement.  (ECF No. 3.)

                                        1

1  dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the

2  answer and petition are considered; or a dismissal after consideration of the pleadings and an

3  expanded record."

4  The habeas petition challenges the constitutionality of the restitution and fines imposed as

5  part of petitioner's judgment of conviction entered in the Sacramento County Superior Court.  He

6  seeks to stay, dismiss or reduce all pending fines and restitution because the trial court abused its

7  discretion in imposing multiple fines totaling over $66,000, and because the court did not

8  consider petitioner's ability to pay.  Petitioner claims that because he is incarcerated pursuant to a

9  sentence of life without the possibility of parole, he will never be able to pay the amounts owed,

10  which are excessive and impose an "atypical and significant hardship" on him.

11  This federal court lacks jurisdiction to review petitioner's application for a writ of habeas

12  corpus.  Section 28 U.S.C. § 2254(a) states:

13
14
15

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

16  Federal jurisdiction over a habeas petition arising from a state court judgment is limited to

17  persons "in custody" pursuant to that judgment.  See § 28 U.S.C. § 2254(a).  However, "physical

18  custody alone is insufficient to confer jurisdiction."  Bailey v. Hill, 599 F.3d 976, 984 (9th Cir.

19  2010). The court may entertain a habeas petition only on the grounds that the petitioner "is in

20  custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §

21  2254(a).  Where, as here, petitioner challenges only a restitution order and not the lawfulness of

22  his physical incarceration under federal law, petitioner fails to satisfy the "in custody"

23  requirement to create jurisdiction under § 2254.  See Bailey, 599 F.3d at 980–84; see also

24  Martinez v. Davis, 2013 WL 3467311, at *2 (C.D.Cal. Jul. 9, 2013) (applying Bailey to bar

25  consideration of a federal habeas petition presenting a challenge to a restitution fine imposed by

26  the state court) (and cases cited therein).

27  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must

28  issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A

1  certificate of appealability may issue only "if the applicant has made a substantial showing of the

2  denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in this order,

3  the court declines to issue a certificate of appealability in this action.

4    Petitioner has requested the appointment of counsel. There currently exists no absolute

5  right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460

6  (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage

7  of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases.

8  In the present case, the court does not find that the interests of justice would be served by the

9  appointment of counsel at the present time.

10  CONCLUSION

11    Accordingly, IT IS HEREBY ORDERED that:

12    1. Petitioner's application for a writ of habeas corpus is dismissed;

13    2. Petitioner's March 3, 2014, request for appointment of counsel (ECF No. 2) is

14  denied without prejudice;

15    3. The court declines to issue a certificate of appealability; and

16    4. This action is closed.

17

18  Dated: April 2, 2014

19             s/s Gregory G. Hollows

20          UNITED STATES MAGISTRATE JUDGE

21  GGH:076/Berr0589.cust

22

23

24

25

26

27

28